UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

KEVIN T. WILSON,

        Petitioner,

v.

37TH CIRCUIT COURT et al.,

        Respondents.

_____/

Case No. 1:24-cv-228

Honorable Sally J. Berens

## OPINION

When Petitioner Kevin T. Wilson initiated this action, he was a detainee confined to the Calhoun County Correctional Center in Battle Creek, Michigan.[1] Petitioner filed the present petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, requesting that he be released from pretrial detention and that his state criminal charges be dismissed. (Petition, ECF No. 1.) Petitioner paid the $5.00 filing fee.

Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Petitioner consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 3.) Section 636(c) provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c).

---

[1] Petitioner was detained at the Calhoun County Correctional Center when he initiated this action; however, it appears that Petitioner was subsequently released on bond after filing the present action. *See* Case Details, *State of Mich. v. Wilson*, No. 2022-1953-FH (Calhoun Cnty. Cir. Ct.), https://micourt.courts.michigan.gov/case-search/court/C37 (in "Case Number" section, enter "2023" in the first box, enter "2775" in the second box, and enter "FH" in the third box) (last visited Apr. 22, 2024).

This case is presently before the Court for preliminary review pursuant to 28 U.S.C. § 2253 and Rule 4 of the Rules Governing § 2254 Cases.[2] The Court is required to conduct this initial review prior to the service of the petition. Rule 4, Rules Governing § 2254 Cases.

Service of the petition on the respondent is of particular significance in defining a putative respondent's relationship to the proceedings. "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351.

Rule 4, by requiring courts to review and even resolve the petition before service, creates a circumstance where there may only be one party to the proceeding—the petitioner. Because Respondent has not yet been served, the undersigned concludes that Respondent is not presently a party whose consent is required to permit the undersigned to conduct a preliminary review of the petition. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties

---

[2] The Rules Governing § 2254 Cases may be applied to petitions filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases.

to th[e] action at the time the magistrate entered judgment.").[3] Petitioner's consent is sufficient to permit the undersigned to conduct the Rule 4 review.

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. After undertaking the review required by Rule 4, it plainly appears from the face of the petition that Petitioner is not entitled to relief because his request for release from detention is moot, and he has failed to exhaust his state court remedies. Accordingly, the Court will summarily dismiss the petition without prejudice.

## Discussion

### I. Factual Allegations

Petitioner is charged with aggravated possession of child sexually abusive material, in violation of Mich. Comp. Laws § 750.145c(4), and using a computer to commit a crime, in violation of Mich. Comp. Laws § 752.797(3)(e). *See* Case Details, *State of Mich. v. Wilson*, No. 2022-1953-FH (Calhoun Cnty. Cir. Ct.), https://micourt.courts.michigan.gov/case-search/court/C37 (in "Case Number" section, enter "2023" in the first box, enter "2775" in the second box, and enter "FH" in the third box) (last visited Apr. 22, 2024).

---

[3] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

In his petition, Petitioner contends that "the crimes alleged are unconstitutional and violate other of his U.S. constitutional rights and protections, and deny him other rights and protections retained by the people." (Petition, ECF No. 1, PageID.6.) Petitioner also contends that "the crimes alleged are in violation of his 1st Amendment protections." (*Id.*) Petitioner acknowledges that he has not presented his claims in any other forum. (*See id.*, PageID.2–3.) Instead, Petitioner filed the present action in this Court. As relief, Petitioner seeks release from jail and the dismissal of the charges against him. (*See id.*, PageID.7.)

## II.     Request for Release from Detention

With respect to Petitioner's request to be released from detention, the request is moot because Petitioner was released on bond after he initiated this action. *See supra* note 1; *see also Salgado v. Fed. Bureau of Prisons*, 220 F. App'x 256, 257 (5th Cir. 2007) ("[A]n action is moot when the court cannot grant the relief requested by the moving party." (citation omitted)). However, because Petitioner continues to face state criminal charges, the Court assumes, without deciding, that Petitioner continues to satisfy the custody requirement.

## III.    Exhaustion under Section 2241

Section 2241 confers upon federal courts the jurisdiction to consider petitions for writ of habeas corpus of state pretrial detainees. *Atkins v. People of the State of Michigan*, 644 F.2d 543, 546 (6th Cir. 1981). Although petitions under § 2241 are not subject to all of the specific statutory requirements set forth in § 2254, a pretrial detainee may not simply seek relief in federal court under § 2241 where state relief is still available. Thus, a federal court ordinarily "should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Id.* at 546 & n.1; *see Phillips v. Court of Common Pleas, Hamilton Cnty, Ohio*, 668 F.3d 804, 810 n.4 (6th Cir. 2012) ("Unlike exhaustion under § 2254, exhaustion under § 2241 is not a statutory

4

requirement. *Compare* 28 U.S.C. § 2254(b)(1)(A), *with id.* § 2241. Rather, in the § 2241 context, 'decisional law has superimposed such a requirement in order to accommodate principles of federalism.'").

The Sixth Circuit has approved consideration of a pretrial § 2241 petition only in three exceptional circumstances: (1) when the petitioner seeks a speedy trial, *Atkins* 644 F.2d at 546–47; (2) when a petitioner seeks to avoid a second trial on double jeopardy grounds, *Delk v. Atkinson*, 665 F.2d 90, 93 (6th Cir. 1981); and (3) when a petitioner faces prejudice from prior ineffective assistance of counsel and due process violations on retrial, *Turner v. Tennessee*, 858 F.2d 1201, 1204 (6th Cir. 1988), *vacated on other grounds*, 492 U.S. 902 (1989).

Here, none of Petitioner's claims fall within any of the above-listed exceptional circumstances. Petitioner claims that the state criminal charges against him are unconstitutional, and he seeks the dismissal of the charges against him and release from jail. (*See* Petition, ECF No. 1, PageID.6, 7.) The relief that Petitioner seeks is "not attainable by way of pretrial habeas corpus." *Atkins*, 644 F.2d at 547. When a habeas petitioner brings a prejudgment habeas petition seeking dismissal of the charges against him, his habeas action must await the conclusion of the state proceedings. *See In re Justices of Superior Ct. Dept. of Mass. Trial Ct.*, 218 F.3d 11, 17, n.5 (1st Cir. 2000).

Moreover, even if Petitioner's grounds for relief were permitted, he would still have to exhaust his available state court remedies before proceeding in federal court. *See Braden v. 30th Jud. Cir. Court*, 410 U.S. 484, 490–91 (1973) (recognizing the long-standing judicial doctrine of exhaustion of state-court remedies in all habeas actions); *Klein v. Leis*, 548 F.3d 425, 429 n.2 (6th Cir. 2008); *Delk*, 665 F.2d at 93 (holding that a pretrial detainee may file a § 2241 petition after state remedies are exhausted). The requirement that a habeas petitioner exhaust state-court

remedies before seeking relief in federal court "protect[s] the state courts' opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes." *Atkins*, 644 F.2d at 546.

To properly exhaust state remedies, a habeas petitioner must have fairly presented each claim to the state court of appeals and to the state supreme court before raising claims in a federal habeas corpus petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45, 847 (1999); *Wagner v. Smith*, 581 F.3d 410, 414-15 (6th Cir. 2009). Here, Petitioner indicates that he did not seek relief in the state courts for his present claims. (Petition, ECF No. 1, PageID.2–3.) Under state statutes and the Michigan Court Rules, it appears that state-court remedies are still available to Petitioner. Alternatively, the state habeas corpus remedy may provide a means to obtain relief. Relief under § 2241 is not available until after Petitioner has pursued and exhausted his state court remedies.

## IV. Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

The Court concludes that Petitioner's application is properly dismissed for lack of exhaustion and as moot with respect to Petitioner's request for release from detention. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.*

The Court concludes that reasonable jurists could not find it debatable whether Petitioner's application should be dismissed for lack of exhaustion and as moot with respect to Petitioner's request for release from detention. Therefore, a certificate of appealability will be denied. Moreover, for that same reason, the Court also concludes that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## Conclusion

The Court will enter an order and judgment dismissing the petition without prejudice for lack of exhaustion and as moot with respect to Petitioner's request for release from detention, and denying a certificate of appealability.

Dated:   April 23, 2024                             /s/ Sally J. Berens
                                                    SALLY J. BERENS
                                                    United States Magistrate Judge